UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| BRANDON ALAN SHERROD,<br><br>Plaintiff,<br><br>v.<br><br>JAVIER CHAVEZ,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DOC. NO. 16)**<br><br>Case No. 2:25-cv-00932<br><br>Magistrate Judge Daphne A. Oberg |

Brandon Sherrod, proceeding without an attorney, brought this civil rights action against Javier Chavez, a former detective with the University of Utah Police Department.[1] In his second amended complaint, Mr. Sherrod claims Detective Chavez violated his Sixth and Fourteenth Amendment rights during a criminal investigation and prosecution.[2] Detective Chavez moves to dismiss, arguing the doctrines of judicial estoppel and *Younger* abstention bar Mr. Sherrod's claims and Detective Chavez is entitled to qualified immunity.[3]

Detective Chavez's motion is granted.[4] As explained below, although judicial estoppel and *Younger* abstention do not apply, Detective Chavez is entitled to qualified

[1] (*See* Compl., Doc. No. 1.)

[2] (*See* Second Am. Compl., Doc. No. 14.)

[3] (Mot. to Dismiss Second Am. Compl. (Mot.), Doc. No. 16.)

[4] The parties consented to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Doc. No. 10.)

immunity on both the Sixth and Fourteenth Amendment claims. Accordingly, this action is dismissed with prejudice.

## LEGAL STANDARDS

Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted."[5] To avoid dismissal under this rule, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[6] At the motion to dismiss stage, the court accepts well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[7] But the court need not accept a plaintiff's conclusory allegations as true.[8] "[A] plaintiff must offer specific factual allegations to support each claim,"[9] and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[10]

Records of court proceedings which bear directly on a plaintiff's claims are subject to judicial notice and may be considered without converting a Rule 12(b)(6) motion to a motion for summary judgment.[11] This includes records of the state court

---

[5] Fed. R. Civ. P. 12(b)(6).

[6] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[7] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

[11] *See Brown v. City of Tulsa*, 124 F.4th 1251, 1263–64 (10th Cir. 2025) (explaining "documents attached to the complaint as exhibits" and "matters subject to judicial

proceedings referenced in Mr. Sherrod's operative complaint. Apart from these records, other documents filed by the parties are not considered.

Although Detective Chavez brings his motion under Rule 12(b)(6), his *Younger* abstention argument is more properly construed as seeking dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1).[12] A motion to dismiss under Rule 12(b)(1) may take one of two forms—a facial attack or a factual attack.[13] "A facial attack looks only to the factual allegations of the complaint in challenging the court's jurisdiction," while a factual attack goes beyond those allegations and "presents evidence in the form of affidavits or otherwise to challenge the court's jurisdiction."[14] Detective Chavez brings a facial attack, since he relies only on the operative complaint and state court records subject to judicial notice.[15] When a dismissal motion presents a facial attack, the court applies the standards applicable to a Rule 12(b)(6) motion and accepts the allegations in the complaint as true.[16]

---

notice" are exceptions to the rule that courts must only review the complaint on a motion to dismiss); *Hodgson v. Farmington City*, 675 F. App'x 838, 840–41 (10th Cir. 2017) (unpublished) (noting facts subject to judicial notice include "another court's publicly filed records concerning matters that bear directly upon the disposition of the case at hand").

[12] Fed. R. Civ. P. 12(b)(1).

[13] *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1272 n.1 (10th Cir. 2012).

[14] *Id.* (internal quotation marks omitted).

[15] *See Thurman v. Steidley*, No. 16-cv-554, 2017 U.S. Dist. LEXIS 85725, at *11 (N.D. Okla. June 5, 2017) (unpublished) (concluding a Rule 12(b)(1) motion to dismiss relying on state court records subject to judicial notice presented a facial attack); *Mackley v. Davis*, No. 1:13-cv-00129, 2014 U.S. Dist. LEXIS 66115, at *4 (D. Utah Apr. 25, 2014) (unpublished) (same).

[16] *Muscogee Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).

Because Mr. Sherrod proceeds pro se (without an attorney), his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[17] Still, pro se plaintiffs must follow the same procedural rules as other litigants.[18] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[19] While courts make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[20] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[21]

## BACKGROUND[22]

Mr. Sherrod's claims relate to a criminal case against him in Utah state court.[23] On September 23, 2022, Mr. Sherrod was charged with attempted violation of a civil stalking injunction (a misdemeanor).[24] Mr. Sherrod's claims center on Detective

---

[17] *Hall*, 935 F.2d at 1110.

[18] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[19] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (citation modified).

[20] *Hall*, 935 F.2d at 1110.

[21] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

[22] The following facts are from the second amended complaint and state court records from the criminal proceedings referenced in it. The court takes judicial notice of these records. *See Hodgson*, 675 F. App'x at 840–41.

[23] *See State of Utah v. Brandon Alan Sherrod*, No. 221909402 (Utah 3d Dist. Ct., filed Sept. 23, 2022) (*Utah v. Sherrod*).

[24] *See* Docket, *Utah v. Sherrod.*

Chavez's testimony at a pretrial conference, and a subsequent phone call with Detective Chavez.

According to the second amended complaint, at the pretrial conference, Detective Chavez testified that it was unnecessary to interview or obtain statements from material witnesses for Mr. Sherrod.[25] Specifically, Mr. Chavez's counsel "asked about failing to interview witnesses and to produce witness statements for the Court," leading to this exchange:

> Chavez: It wasn't necessary for my investigation.
>
> [Counsel]: Okay[,] you're going to have to explain that to me. A potential witness was not relevant to what?
>
> Det. Chavez: Not for a protective order violation? No, sir.[26]

Based on these allegations, Mr. Sherrod brings a claim for violation of his Fourteenth Amendment due process rights under *Brady v. Maryland*,[27] stating Detective Chavez 'intentionally failed to disclose material evidence favorable to [him]" (Count I).[28]

Next, Mr. Sherrod alleges Detective Chavez "initiated a phone interrogation of [him]" on May 1, 2023.[29] Detective Chavez, "knowing [Mr. Sherrod] was represented by counsel, initiated contact and conducted an interrogation specifically regarding the pending criminal case without notifying counsel."[30] "The content of the phone call

---

[25] (Second Am. Compl. 3, Doc. No. 14.)

[26] (*Id.*)

[27] 373 U.S. 83 (1963).

[28] (Second Am. Compl. 4, Doc. No. 14.)

[29] (*Id.* at 3.)

[30] (*Id.*)

included [Detective Chavez] asking [Mr. Sherrod] questions about witnesses and witness statements."[31] Based on these allegations, Mr. Sherrod brings a claim for a violation of his Sixth Amendment right to counsel, stating Detective Chavez "deliberately elicited statements from [him] after formal representation had begun" (Count II).[32] Mr. Sherrod brings both claims under 42 U.S.C. § 1983 and seeks damages and attorney's fees.[33]

In December 2024, Mr. Sherrod entered a plea in abeyance in the criminal case.[34] Specifically, he pleaded guilty to "attempted violation of a civil stalking injunction."[35] In doing so, he admitted he committed "the crime(s) to which [he] plead guilty," and that he "underst[ood] the nature of the offense(s) and the elements of the offense(s) as listed in th[e] document or as described in court."[36] At the change of plea hearing, Mr. Sherrod admitted to going within 500 feet of the protected party at a concert—as the factual basis for the plea.[37] The court held Mr. Sherrod's plea in abeyance for 364 days.[38]

---

[31] (*Id.*)

[32] (*Id.* at 4.)

[33] (*Id.* at 1, 5.)

[34] *See* Docket, *Utah v. Sherrod*.

[35] *Utah v. Sherrod*, No. 221909402, Statement of Def. Entering Guilty Plea, Doc. No. 67 (Utah 3d Dist. Ct. Dec. 20, 2024).

[36] *Id.*

[37] (*See* Ex. to Def.'s Reply, Tr. of Dec. 20, 2024 Hr'g in *Utah v. Sherrod*, at 10:4–11:24, 13:6–14, Doc. No. 24-1.)

[38] *See* Docket, *Utah v. Sherrod*.

Mr. Sherrod filed this action for damages against Detective Chavez and the University of Utah Police Department in October 2025.[39] A month later, he filed the second amended complaint, dropping his claims against the police department.[40] Detective Chavez filed the instant motion to dismiss on December 10, 2025.[41] And Mr. Sherrod filed an opposition the same day.[42]

On Jan 5, 2026, the state court allowed Mr. Sherrod's plea to be withdrawn and dismissed the criminal case with prejudice, noting Mr. Sherrod's "diversion [was] completed successfully."[43]

## ANALYSIS

Detective Chavez seeks dismissal based on the *Younger* abstention doctrine, judicial estoppel, and qualified immunity. As explained below, *Younger* abstention does not apply because the state court proceedings have ended. And judicial estoppel does not apply because Detective Chavez does not identify any clear inconsistency between Mr. Sherrod's factual admissions in the state proceeding and his claims in this action. However, Detective Chavez is entitled to qualified immunity on both Mr. Sherrod's Fourteenth Amendment and Sixth Amendment claims.

---

[39] (Compl., Doc. No. 1.)

[40] (Second Am. Compl., Doc. No. 14.)

[41] (Mot., Doc. No. 16.)

[42] (Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss (Opp'n), Doc. No. 17.)

[43] *See* Docket, *Utah v. Sherrod*.

A. *Younger* Abstention

Detective Chavez first argues Mr. Sherrod's claims must be dismissed or stayed under the *Younger* abstention doctrine.[44] "*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court."[45] *Younger* abstention applies where, like here, the state proceeding is a criminal prosecution.[46] But the state proceeding must also be: (1) ongoing, (2) involve an important state interest, and (3) provide an adequate opportunity to raise federal claims.[47]

*Younger* abstention "extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding."[48] Federal damages claims may not be dismissed under *Younger* but, instead, should be stayed until the state proceedings are final.[49] But if state

---

[44] (Mot. 10–12, Doc. No. 16.)

[45] *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citation omitted).

[46] *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (holding that *Younger* abstention only applies to three "exceptional" categories of state proceedings, one of which is state criminal prosecutions).

[47] *See Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024).

[48] *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004).

[49] *Id.*

proceedings terminate while the federal claim is pending, the district court may consider the claims "without the need to abstain now that the state proceedings have ended."[50]

Here, the state criminal case was ongoing when Mr. Sherrod filed this action and when Detective Chavez moved to dismiss, but the case has since been dismissed with prejudice. Because the state proceeding has ended, the *Younger* doctrine does not apply.

B. Judicial Estoppel

Mr. Chavez next argues that Mr. Sherrod's claims are barred by judicial estoppel because he "seeks to assume a contrary position by filing a civil suit after previously entering a plea in abeyance for the same case."[51]

Under the doctrine of judicial estoppel, if a party "assumes a certain position in a legal proceeding, and succeeds in maintaining that position," he may not later "assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him."[52] Judicial estoppel applies when three factors are met.[53] "First, a party's later position must be clearly inconsistent with its earlier

[50] *Columbian Fin. Corp. v. Stork*, 811 F.3d 390, 395 (10th Cir. 2016); *see also Perry v. Encore at Blvd. One LLC*, No. 1:23-cv-02188, 2025 U.S. Dist. LEXIS 64394, at *12 n.7 (D. Colo. Mar. 9, 2025) (unpublished) ("*Younger* does not apply once a state court proceeding ends during the pendency of the federal action."); *Clark v. Weiser*, No. 1:23-cv-03283, 2025 U.S. Dist. LEXIS 49058, at *13 (D. Colo. Feb. 27, 2025) (unpublished) ("[B]ecause the state court proceeding is no longer pending, *Younger* abstention does not apply here."); *Blake v. Hong*, No. 21-cv-0138, 2022 U.S. Dist. LEXIS 70194, at *3 (D. Colo. Mar. 30, 2022) (unpublished) (finding *Younger* abstention did not apply where the plaintiff exhausted the state court action after filing the federal action).

[51] (Mot. 6, Doc. No. 16.)

[52] *Johnson v. Lindon City Corp.,* 405 F.3d 1065, 1069 (10th Cir. 2005) (citation omitted).

[53] *Id.*

position," and "the position to be estopped must generally be one of fact rather than of law or legal theory."[54] Second, the party must have "succeeded in persuading a court to accept [its] earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled."[55] Third, the party seeking to assert an inconsistent position must "derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."[56] Finally, courts should apply this doctrine "sparingly and require a clearly inconsistent statement before invoking it."[57]

In *Johnson v. Lindon City Corporation*,[58] the Tenth Circuit applied judicial estoppel to find the plaintiffs' pleas in abeyance to criminal assault charges barred their § 1983 claims against an arresting officer.[59] In their pleas, the plaintiffs "admitted that they attempted to use unlawful force or violence to do bodily injury to" the officer.[60] After the plaintiffs fulfilled the terms of their plea agreements, their pleas were withdrawn and the criminal cases were dismissed.[61] The plaintiffs then brought § 1983

---

[54] *Id.* (internal quotation marks omitted).

[55] *Id.* (internal quotation marks omitted).

[56] *Id.* (internal quotation marks omitted).

[57] *Vehicle Mkt. Rsch., Inc. v. Mitchell Int'l, Inc.,* 767 F.3d 987, 989 (10th Cir. 2014).

[58] 405 F.3d 1065.

[59] *Id.* at 1069–70.

[60] *Id.* at 1069 (internal quotation marks omitted).

[61] *Id.* at 1067.

claims against the officer and others for unlawful arrest and imprisonment.[62] The *Johnson* court found the plaintiffs' positions in the two cases "clearly contradictory" because "if Plaintiffs acted as they admitted in the statements accompanying their Pleas in Abeyance, [the officer] had probable cause to arrest."[63] The court also found the plaintiffs would derive an unfair advantage if not estopped because, after admitting to assault and receiving the benefit of having their charges dropped, they argued the court should deem their arrest illegal.[64] As the court concluded, "to allow Plaintiffs to accept the benefit of the Pleas in Abeyance and, in the next breath, sue for civil damages stemming from their arrest for crimes they admittedly committed would clearly undermine the integrity of the judicial system."[65]

Here, Detective Chavez argues that "[b]y entering his plea of guilt and it being held in abeyance, [Mr.] Sherrod admitted to the attempted violation of the stalking injunction and conceded that the underlying investigation was performed appropriately."[66] But this argument is not borne out by the state court records. Neither Mr. Sherrod's plea statement nor the factual basis stated at the hearing included an admission that the investigation was performed appropriately. And unlike the pleas in *Johnson*, Mr. Sherrod's plea did not include factual admissions contrary to his claims and allegations in this case. Mr. Sherrod bases his § 1983 claims on allegations that

---

62 *Id.*

63 *Id.* at 1070.

64 *Id.*

65 *Id.*

66 (Mot. 8–9, Doc. No. 16.)

Detective Chavez failed to interview witnesses and interrogated Mr. Sherrod without an attorney. These allegations are not facially inconsistent with his admission that he attempted to violate a civil stalking injunction by going within 500 feet of the protected person at a concert. Finally, Detective Chavez cites no legal authority supporting the notion that, merely by entering a plea in abeyance, a defendant concedes all aspects of a criminal investigation were performed appropriately.

In sum, Mr. Sherrod did not admit any facts which would foreclose the allegations underlying his § 1983 claims. Because Mr. Sherrod did not make any clearly contradictory factual statement in the state case, judicial estoppel does not bar his claims in this action.

C. Qualified Immunity

Detective Chavez next argues he is entitled to qualified immunity because the second amended complaint "does not establish that [his] actions violated [Mr. Sherrod's] rights."[67] Taken as true (as necessary at this stage), Mr. Sherrod's factual allegations are insufficient to show Detective Chavez committed a *Brady* violation or violated his Sixth Amendment rights under clearly established law. Accordingly, Detective Chavez is entitled to qualified immunity on both claims.

To establish a cause of action under 42 U.S.C. § 1983, a plaintiff must allege "(1) deprivation of a federal right by (2) a person acting under color of state law."[68] Public officials "are entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was

---

[67] (Mot. 13, Doc. No. 16.)

[68] *Watson v. Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988).

clearly established at the time."[69] To demonstrate the law was clearly established, "the plaintiff must point to Supreme Court or Tenth Circuit precedents [on] point, or to the clear weight of authority from other circuit courts deciding that the law was as the plaintiff maintains."[70]

"Because they turn on a fact-bound inquiry, qualified immunity defenses are typically resolved at the summary judgment stage rather than on a motion to dismiss."[71] "Asserting a qualified immunity defense via a Rule 12(b)(6) motion subjects the defendant to a more challenging standard of review than would apply on summary judgment."[72] Specifically, on a motion to dismiss, "it is the defendant's conduct *as alleged in the complaint* that is scrutinized for [constitutionality]."[73]

1. *Fourteenth Amendment Claim for a* Brady *Violation*

Detective Chavez is entitled to qualified immunity on Mr. Sherrod's Fourteenth Amendment due process claim because Mr. Sherrod does not allege a clearly established *Brady* violation.

"Under *Brady* and its progeny, a due process violation occurs when '(1) the prosecution suppressed evidence, (2) the evidence was favorable to the defendant, and

---

[69] *Thompson v. Ragland*, 23 F.4th 1252, 1255 (10th Cir. 2022) (citation omitted).

[70] *Id.*

[71] *Id.* at 1256 (internal quotation marks omitted).

[72] *Id.* (citation modified).

[73] *Id.* (emphasis and alteration in original) (citation omitted).

(3) the evidence was material.'"[74] In the context of a guilty plea, exculpatory evidence is material if "there is 'a reasonable probability that but for the failure to produce such information the defendant would not have entered the plea but instead would have insisted on going to trial.'"[75] A *Brady* violation may serve as the basis for a claim under § 1983.[76]

As an initial matter, Detective Chavez argues Mr. Sherrod's *Brady* claim is not cognizable because he did not go to trial, nor was he exonerated after being convicted at trial.[77] But as noted, "[t]he Tenth Circuit has recognized *Brady*'s applicability to exculpatory evidence prior to the entry of a plea."[78] Nevertheless, Detective Chavez is entitled to qualified immunity because Mr. Sherrod does not allege any clearly established violation of *Brady*.

In his second amended complaint, Mr. Sherrod alleges Detective Chavez failed to interview witnesses or "obtain[] witness statements from material witnesses for the

---

[74] *Armijo v. Tapia*, 288 F. App'x 530, 533–34 (10th Cir. 2008) (unpublished) (quoting *United States v. Velarde*, 485 F.3d 553, 558 (10th Cir. 2007)).

[75] *United States v. Sears*, 2022 U.S. App. LEXIS 33128, at *6–7 (10th Cir. Nov. 30, 2022) (unpublished) (quoting *United States v. Walters*, 269 F.3d 1207, 1214 (10th Cir. 2001)).

[76] *See Tiscareno v. Anderson*, 639 F.3d 1016, 1023 (10th Cir. 2011) ("Nearly all of our sister circuits have also determined that police may be liable under § 1983 for failure to turn over *Brady* evidence."), *vacated in part on other grounds*, 421 F. App'x 842 (10th Cir. 2011) (unpublished).

[77] (Def.'s Reply 8–9, Doc. No. 24.)

[78] *Thayne v. Pleasant Grove City*, No. 2:19-cv-00581, 2021 U.S. Dist. LEXIS 168131, at *34 (D. Utah Sept. 2, 2021) (unpublished) (citing *United States v. Dahl*, 597 F. App'x 489, 490 (10th Cir. 2015) (unpublished); *United States v. Ohiri*, 133 F. App'x 555, 562 (10th Cir. 2005) (unpublished)) (addressing a § 1983 claim alleging a *Brady* violation relating to a guilty plea).

Plaintiff."[79] But "there is no affirmative duty upon the government to take action to discover information which it does not possess."[80] In other words, it is not a *Brady* violation for Detective Chavez to fail to interview witnesses or obtain witness statements.

In the section of the complaint setting forth his causes of action, Mr. Sherrod states Detective Chavez "intentionally failed to disclose material evidence" and "suppress[ed] witness testimony."[81] But these statements are wholly conclusory; Mr. Sherrod does not support them with factual development. In his response, Mr. Sherrod alleges Detective Chavez "withheld witness statements" which were "material and favorable."[82] But these allegations do not appear in the operative complaint, and the court cannot consider new allegations in a response brief when ruling on a Rule 12(b)(6) motion to dismiss.[83] Mr. Sherrod also filed two witness statements,[84] but these

---

[79] (Second Am. Compl. 3, Doc. No. 14.)

[80] *Ukashat v. United States*, No. 2:25-cv-759, 2026 U.S. Dist. LEXIS 177005, at *12 (D. Utah Aug. 7, 2026) (unpublished) (internal quotation marks omitted) (citing *United States v. Flynn*, 2021 U.S. Dist. LEXIS 238855, 2021 WL 5882240, at *3 (D. Utah Dec. 13, 2021); *Armijo*, 288 F. App'x at 533–34; *United States v. Markovich*, 95 F.4th 1367, 1376 (11th Cir. 2024)).

[81] (Second Am. Compl. 4, Doc. No. 14.)

[82] (Opp'n 6, Doc. No. 17.)

[83] *See Mayfield v. Bethards*, 826 F.3d 1252, 1258 (10th Cir. 2016) ("[A]t the motion-to-dismiss stage our review is limited to the sufficiency of the allegations in the [c]omplaint."); *Farris v. Stepp*, No. 20-cv-02346, 2021 U.S. Dist. LEXIS 216297, at *13 (D. Colo. Nov. 9, 2021) (unpublished) ("[F]acts raised in a response brief cannot be used to survive a Rule 12(b)(6) motion."); *In re Qwest Communs. Int'l, Inc. Sec. Litig.*, 396 F. Supp. 2d 1178, 1203 (D. Colo. 2004) ("The plaintiffs may not effectively amend their Complaint by alleging new facts in their response to a motion to dismiss.").

[84] (Doc. Nos. 21 & 22.)

documents are not subject to judicial notice and are not properly considered. And even if the statements could be considered, they do not appear to be favorable to Mr. Sherrod.[85]

For these reasons, Mr. Sherrod fails to allege facts showing Detective Chavez committed a *Brady* violation. Accordingly, Detective Chavez is entitled to qualified immunity on Mr. Sherrod's Fourteenth Amendment claim, and this claim is dismissed with prejudice.[86]

*2. Sixth Amendment Claim*

Detective Chavez is entitled to qualified immunity on Mr. Sherrod's Sixth Amendment claim. As explained below, while Mr. Sherrod alleges Detective Chavez questioned him without counsel, he does not allege any resulting prejudice—as required to state a Sixth Amendment claim.

When "seeking evidence pertaining to pending charges . . . the Government's investigative powers are limited by the Sixth Amendment rights of the accused."[87] The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."[88] "The Sixth Amendment right is offense-specific and attaches at the time judicial proceedings have

---

[85] Both witnesses stated that Mr. Sherrod told them he saw the protected party walk by him at the concert, and he did not leave the concert. (*See* Doc. Nos. 21 & 22.) These statements are consistent with the facts Mr. Sherrod admitted in his plea.

[86] *See Clark v. Wilson*, 625 F.3d 686, 690 (10th Cir. 2010) (instructing a district court to dismiss "with prejudice" based on qualified immunity).

[87] *United States v. Mitcheltree*, 940 F.2d 1329, 1345 (10th Cir. 1991) (alteration in original) (quoting *Maine v. Moulton*, 474 U.S. 159, 179–80 (1985)).

[88] U.S. Const. amend. VI.

been initiated against the accused."[89] Once the right attaches, "police may not initiate an uncounseled interrogation of the defendant on a subject dealing with the offense for which he is charged."[90] But to state a § 1983 claim for a Sixth Amendment violation, a plaintiff must allege facts showing the defendant's conduct caused prejudice.[91] This requires "at least a realistic possibility of injury to [the criminal defendant] or benefit to the State."[92]

Mr. Sherrod alleges that on May 1, 2023 (after charges were filed), Detective Chavez "initiated a phone interrogation of [Mr. Sherrod] . . . specifically regarding the pending criminal case without notifying counsel."[93] He claims Detective Chavez did so despite "knowing [he] was represented by counsel."[94] And he contends the "content of the phone call included [Detective Chavez] asking [him] questions about witnesses and witness statements."[95] Accepting these allegations as true and viewing them in the light

---

[89] *Toles v. Gibson*, 269 F.3d 1167, 1180 (10th Cir. 2001).

[90] *Valdez v. Ward*, 219 F.3d 1222, 1234 (10th Cir. 2000).

[91] *See Pasdon v. City of Peabody*, 417 F.3d 225, 228 (1st Cir. 2005) (finding a plaintiff had "no cause of action under 42 U.S.C. § 1983 because he has not and cannot show that he was prejudiced by having been questioned without his counsel present"); *Stewart v. Wagner*, 836 F.3d 978, 986–87 (8th Cir. 2016) (noting there is "no constitutional tort without injury" in addressing a Sixth Amendment claim based on an alleged uncounseled interrogation); *Patterson v. Montagne*, No. 26-3096, 2026 U.S. Dist. LEXIS 100106, at *10 (D. Kan. May 6, 2026) (unpublished) (explaining that to state a § 1983 claim for a Sixth Amendment violation, "Plaintiff must allege sufficient facts to state a plausible claim that he suffered prejudice as a result of such conduct").

[92] *Weatherford v. Bursey*, 429 U.S. 545, 558 (1977).

[93] (Second Am. Compl. 3, Doc. No. 14.)

[94] (*Id.*)

[95] (*Id.*)

most favorable to Mr. Sherrod, he has alleged Detective Chavez initiated an uncounseled interrogation regarding the charged offense after the Sixth Amendment attached.[96]

However, Mr. Sherrod does not allege facts showing Detective Chavez's conduct prejudiced him. For example, he does not claim Detective Chavez elicited any incriminating statements during the call. Nor does he allege any facts showing a realistic possibility that the call injured any potential defense or benefited the prosecution. Without allegations of prejudice, Mr. Sherrod fails to state a cognizable § 1983 claim for a Sixth Amendment violation. Accordingly, Detective Chavez is entitled to qualified immunity on the Sixth Amendment claim, and this claim is dismissed with prejudice.

## CONCLUSION

Detective Chavez's motion to dismiss[97] is granted. Although *Younger* abstention and judicial estoppel do not apply, Detective Chavez is entitled to qualified immunity on

---

[96] In his reply, Detective Chavez contends Mr. Sherrod was the one who initiated contact, by emailing witness statements to Detective Chavez before the phone call. (Def.'s Reply 7, Doc. No. 24.) Detective Chavez points to an "uncertified transcript" of the phone call which Mr. Sherrod attached to his original complaint. (Doc. No. 1-1.) A defendant may "waive his Sixth Amendment right to counsel by voluntarily reinitiating a discussion with police regarding the crime for which he was charged without counsel present." *Valdez*, 219 F.3d at 1234. But the court need not address whether the transcript demonstrates waiver because Mr. Sherrod's claim fails on other grounds—namely, failure to allege prejudice as required to state a Sixth Amendment claim.

[97] (Doc. No. 16.)

Mr. Sherrod's § 1983 claims for violations of the Sixth and Fourteenth Amendments. Accordingly, this action is dismissed with prejudice.

DATED this 21st day of September, 2026.

BY THE COURT:

Daphne A. Oberg

Daphne A. Oberg
United States Magistrate Judge